<hr />

## ANNIE POLLOCK v. JAMES P. SULLIVAN.

It is an actionable offence for a married man to offer himself in marriage to an un-married woman, paying his addresses to her, and entering into a contract of marriage with her; and a declaration counting *tort-wise* for fraud, is held good on demurrer.

ACTION on the case. Heard on demurrer at the September Term, 1880, ROYCE, J., presiding. The Court, *pro forma*, sustained the demurrer.

### DECLARATION.

In a plea of the case for that whereas, heretofore, to wit, on the 1st day of October, A. D. 1879, at St. Albans aforesaid, the plaintiff being sole and unmarried and fully competent to contract to marry, and the defendant representing himself to be sole and

unmarried, and fully competent to contract to marry, the said defendant did, in consideration of the promise of the plaintiff to marry him, the said defendant then and there at St. Albans aforesaid, faithfully promise to marry the said plaintiff; and the plaintiff, confiding in said representations and promise, hath from that time to this, remained and still is sole and unmarried, and had no knowledge or information that any of said representations of the defendant were false or fraudulent at the time of making of said mutual promise to marry. And the plaintiff avers that said representations of said defendant were false, fraudulent, deceitful and untruthful in every respect, and that the said defendant then was and for a long time before, had been and still is, living with her, the said defendant's wife at St. Albans aforesaid, all of which the said defendant well knew; and so the said defendant craftily, subtly, deceitfully, maliciously, deceived and defrauded the said plaintiff in obtaining said promise to marry, and grossly and wantonly wronged and injured the said plaintiff by depriving her of her good name and reputation, whereby the plaintiff has suffered great wrong and injury and damage to her feelings and disappointment of her reasonable expectations, money value, and worldly advantages of marriage, permanent home, and advantage of domestic happiness. To the damage of the plaintiff three thousand dollars.

*Farrington & Post* and *Wilson & Hall*, for the plaintiff.

The declaration is sufficient. An action for deceit can be maintained and is the proper remedy. 1 Hilliard on Torts, 3, note a; 2 Ib. p. 73, s. 2, note a; *Howard* v. *Gould*, 28 Vt. 523; 4 Jacob's Fisher's Dig. 5569; 2 Chit. Cont. 974, n.; *Foote & Stone* v. *Emerson*, 10 Vt. 344; *Blossom* v. *Barrett et al.*, 37 N. Y. 434; *Noyce* v. *Brown*, 38 N. J. 228; *Wither* v. *Brooks*, 65 Me. 14; Bigelow on Fraud, 46, 47; Sedgw. on Dam. 48.

*Geo. W. Newton, Geo. A. Ballard* and *Noble & Smith*, for the defendant.

The form of the action is wrong. This error appears on the face of the declaration. 1 Chit. Pl. 193, 194; *Day* v. *Edwards*, 5 T. R. 648; *Lovignos* v. *Roome*, 6 T. R. 125; *McManus* v. *Crickett*, 1 East, 10. A married man can make a binding contract to marry although broken when made. 2 B's Law Dic., Promise of Marriage, 7; Chit. on Cont. 587, 802; *Wild* v. *Harris*, 62 E.

C. L. 999; *Millwood* v. *Littlewood*, 5 Ex. 775; *Blattmacher* v. *Soal*, 29 Barbour N. Y. 22; 2 Pars. on Cont. 67, (6th ed.) 873. The plaintiff has not suffered damages and the defendant has not been guilty of an actionable wrong. *Paisly* v. *Freeman*, 3 T. R. 51; *Nye* v. *Marriam*, 35 Vt. 438.

The opinion of the court was delivered by

REDFIELD, J. The declaration counts tort-wise, for fraud and deceit, whereby the plaintiff has suffered injury. It avers, in substance, that the defendant, professing to be an unmarried man, pald his addresses to the plaintiff and offered himself in marriage to her, and that she, believing his pretensions and representations to be true, accepted his proffer, and agreed to marry him; and that, in fact, defendant at that time was living with his wife and children at St. Albans; and thereby she was defrauded and injured. To this declaration the defendant files a general and special demurrer.

We have not carefully examined the several counts, to find whether some of them may not be technically defective under *special* demurrer, but we think some of them may withstand that assault. The plaintiff avers fraud, and damages thereby occasioned. Fraud occasioning damage and injury, is actionable; otherwise persons may suffer injury by the wrongful acts of others, and the law afford no redress. This would bring the laws of the land into contempt. The demurrer confesses the truth of the facts alleged in the declaration. And we think the facts averred being true, are actionable. The facts alleged show that the plaintiff is wanting in discretion, if not in some of the more cardinal virtues; but that is all for the jury, and outside the law of the case. On demurrer to her averments and complaints, she is to be regarded as an innocent person, deceived and defrauded.

The defence claims that the action should have been assumpsit for the breach of the contract. The adjudged cases seem to establish that the innocent party, in such case, may sustain an action for a breach of the promise of marriage; that the other party will not be permitted to allege that he cannot perform *his contract* because he had a wife when he agreed to marry another.

If such action was brought, and the defendant should be foolhardy enough to offer to perform his contract, the plaintiff must desist, or subject herself to a criminal prosecution. The essential wrong to the plaintiff is, not that she has not attained a husband, as she expected ; but that she spent her time and money in arrangements and preparation for marriage with the defendant, when, in fact, he had then and now a wife, and was deluded into this relation by the fraud and falsehood of the defendant, and by such deception and fraud she has suffered grievously in property and reputation. This action is appropriate to redress this species of wrong. Whether the plaintiff has a character that can be impaired, or lost, can be ascertained in the proper forum, before a jury. *Howard* v. *Gould*, 28 Vt. 523 ; 1 Hil. on Torts, p. 3, note a ; Sedgw. on Dam. p. 48, and cases there cited ; Chit. on Cont., (10th Am. ed.,) 750.

The result is, the judgment of the County Court is reversed, and the demurrer overruled. The defendant, at the hearing, asked leave to replead, in case the judgment should be against him ; the leave will be granted, on the usual terms, and the case is remanded.